UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. HARRIS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 15-13435

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [21]**

Plaintiff James Harris seeks review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits. The Court referred the matter to Magistrate Judge Anthony Patti, and on December 20, 2016, the Magistrate Judge issued a Report and Recommendation (R&R) that the Court affirm Defendant's decision. On January 7, 2017, Plaintiff filed five objections to the R&R (Dkt. 22), which the Court considers here. For the reasons stated below, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the R&R. As a result, Defendant's motion for summary judgment is GRANTED [12], Plaintiff's motion for summary judgment is DENIED [10], Defendant's decision is AFFIRMED, and the case is DISMISSED.

**I.**    **Standard of Review**

When a party objects to portions of a magistrate judge's report and recommendation on a dispositive motion, the Court reviews such portions *de novo*. Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error are entitled to *de novo*

review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections, or those that merely challenge the magistrate judge's ultimate determinations, have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are invalid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*).

## II. Analysis

As a preliminary matter, the Court overrules Plaintiff's objections as untimely. The R&R directed Plaintiff to file his objections within fourteen days of service of the R&R, which is the period provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Plaintiff failed to file within those fourteen days. Therefore, the Court finds that Plaintiff failed to preserve his objections, and it overrules them on that ground.

Even if Plaintiff had timely filed his objections, the Court would overrule them on other grounds. Plaintiff's first objection challenges "the findings and conclusions" that Plaintiff has "been unable to point to any portion of the record in this case to establish that [Plaintiff] met the criteria for blindness under Listing 2.03A on or before December 31, 2006 based upon testing methods approved by the SSA." (Dkt. 22, at 1.) In other words, Plaintiff contests the Magistrate Judge's overall conclusion regarding the merits of his case. Given that such an argument constitutes a general objection, the Court could and would treat it as waived. *Howard*, 932 F.2d at 509.

Second, Plaintiff objects "to the failure of the Report and Recommendation, at pages 18-27, to accord adequate weight and deference to the [treating physicians.]" (Dkt. 22, at 3.) Like the first objection, this objection merely challenges the Magistrate Judge's ultimate

weighing of the evidence, so the Court would treat this objection as waived. *Howard*, 932 F.2d at 509; *see also Ervin v. Comm'r of Soc. Sec.*, 2012 WL 4427987, at *1 (E.D. Mich. Sept. 25, 2012) (overruling a plaintiff's objections where they "essentially dispute[d] the ALJ's weighing of the evidence[] and object[ed] to the Magistrate Judge's failure to adopt Plaintiff's views in that regard.").

Third, Plaintiff objects to the Magistrate Judge's assumption that the record before the ALJ was complete. (Dkt. 22, at 4.) But Plaintiff also concedes: "[I]t is true that we have not asserted missing records as a basis for this appeal[.]" (*Id.*) Therefore, if Plaintiff had timely filed his objections, the Court would find that Plaintiff failed to raise this issue properly. The Sixth Circuit has stated: "[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010). Here, the Court can identify no compelling reasons for considering this argument at so late a stage, so it would overrule Plaintiff's third objection as impermissibly raised. *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (finding "apparent waiver" where issue was raised for the first time in objection to a report and recommendation).

Fourth, Plaintiff objects to the Magistrate Judge's "dismissal of Dr. Herndon's records and opinions over the period July 18 - October 19, 2006 ... because of 'their proximity in time to Plaintiff's date last insured ... December 31, 2006.'" (Dkt. 22, at 5.) The Court believes that this objection misconstrues the R&R and, therefore, lacks merit. The R&R does not "dismiss" Dr. Herndon's 2006 materials because of their proximity to December 31, 2006. Instead, it concludes that the ALJ "permissibly credited (or discredited)" these

3

notes "on the basis of their proximity in time to Plaintiff's date last insured and the other factors identified above." (Dkt. 21, at 24.) The Court would accordingly overrule this objection for failing to pinpoint an error in the R&R.

Finally, Plaintiff objects to the "statements ... concerning the denial of due process at the June 17, 2013 ALJ hearing," and he invites this Court to "tell" him whether due process was frustrated. (Dkt. 22, at 5.) Like Plaintiff's third objection, this objection was not properly raised before the Magistrate Judge, so the Court would treat this objection as waived. *Murr*, 200 F.3d at 902 n.1; *Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865, at *1 (E.D. Mich. Mar. 24, 2014) ("[T]he Court declines to address an issue that was not properly and meaningfully presented for initial consideration by the Magistrate Judge.").

### III. Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's R&R. Accordingly, Defendant's motion for summary judgment is GRANTED, Plaintiff's motion for summary judgment is DENIED, Defendant's decision is AFFIRMED, and this case is DISMISSED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 24, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager